Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca.  94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-in-Possession
Mag Auto Group, Inc.

# United States Bankruptcy Court

# Northern District of California

| | |
|---|---|
| In re:<br><br>Mag Auto Group, Inc.<br><br>Debtor-in-Possession | Case No.: 21-41536<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY ATTORNEY FOR DEBTOR AND DEBTORS-IN-POSSESSION** |

TO: THE HONORABLE JUDGE OF THE UNITED STATES BANKRUPTCY COURT:

PLEASE TAKE NOTICE THAT Mag Auto Group, Inc. (Hereinafter "Applicant") hereby applies to the Court (the "Application"), for an order authorizing the retention and employment of Marc Voisenat as the Debtor-In-Possession's general bankruptcy counsel pursuant to Sections 105(a) and 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Federal Bankruptcy Rules").

The application of Mag Auto Group, Inc., the debtor-in-possession herein, respectfully represents:

1.  Applicant filed a petition under Chapter 11 on December 31, 2021.

2. This Court has jurisdiction of this Application pursuant to 28 U.S.C. §1334 and General Order 24 of the U.S. District Court for the Northern District of California. Venue of this proceeding and the within application in this district is property pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein is §327 of the Bankruptcy Code.

3. To properly perform his duties as a debtor-in-possession under Chapter 11, applicant must have the advice of experienced and competent bankruptcy counsel.

4. As its attorney in this Chapter 11 case, applicant wishes to employ Marc Voisenat to perform the legal services described below in this chapter 11 case. The applicant is advised that Marc Voisenat is duly admitted to practice before this Court.

5. Mr. Voisenat was not retained nor paid for any pre-petition services.

6. In this case Mr. Voisenat will assist the debtor in preparing and filing a plan of reorganization and disclosure statement.

7. Applicant requires legal counsel experienced in and knowledgeable concerning the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of this Court to administer this estate in the best interest of creditors.

8. Applicant has made careful and diligent inquiries into the qualification of Marc Voisenat. Applicant has found said attorney to be well qualified to represent him in these proceedings by reason of his ability, integrity and professional experience.

9. Mr. Voisenat will be employed on an hourly basis plus costs and expenses. The proposed hourly rate is $450.00 per hour. Mr. Voisenat will provide business and bankruptcy law advice and such other legal advice and representation necessary and appropriate in order to assist applicant in the execution and performance of his duties as a Chapter 11 debtor. A copy of the agreement is attached as Exhibit A.

10. On December 29, 2021, Mr. Voisenat was paid $15,068. The source of funds was from

the president of the debtor, Peter Mozaffari.

11. Prior to the filing of the above petition, Marc Voisenat spent 2.3 hours in meeting with the debtor, reviewing documents and preparing the necessary documents for filing. Marc Voisenat has drawn down the retainer $1,035 and still holds as a retainer $14,033.

12. Applicant understands that said retainer or any future request for fees by Mr. Voisenat is subject to approval by the Bankruptcy Court.

13. To the best of applicant's knowledge, Mr. Voisenat does not hold or represent an interest adverse to this estate and does not have any connections with the debtor, creditors, or any other party in interest in this case, their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee.

WHEREFORE, pursuant to Bankruptcy Code section 327, applicant prays for an order approving the employment of MARC VOISENAT as its attorney in this Chapter 11 case on the terms and conditions herein specified.

Dated: January 5, 2022

/s/ Peter Mozaffari
Peter Mozaffari – Responsible Person
for Debtor-In-Possession

# LEGAL SERVICES AGREEMENT

1. IDENTIFICATION OF PARTIES. This agreement, executed in duplicate with each party receiving an executed original, is made between MARC VOISENAT hereafter referred to as "Attorney," and Mag Auto Group Inc. hereafter referred to as "Client."

This agreement is required by Business and Professions Code section 6147 and is intended to fulfill the requirements of that section.

2. LEGAL SERVICES TO BE PROVIDED. The legal services to be provided by Attorney to Client with respect to the prosecution of a chapter 11 case as follows:

a. File Schedules, chapter 11 plan, disclosure statement and amended schedules and plan, if necessary

b. Appear at Meeting of creditors and Initial Debtor Interview

c. Make Court Appearances

d. Make any necessary objections on disputed debts; and

e. Filing of Adversary Proceeding, if necessary

f. Conversion to Chapter 7, if necessary

g. Motion to dismiss, if necessary

3. LEGAL SERVICES SPECIFICALLY EXCLUDED. All other Legal services are not included. If Client wishes that Attorney provide any legal services not to be provided under this agreement, a separate written agreement between Attorney and Client will be required.

4. RESPONSIBILITIES OF ATTORNEY AND CLIENT. Attorney will perform the legal services called for under this agreement, keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will be truthful and cooperative with Attorney and keep Attorney reasonably informed of developments and of Client's address, telephone number, and whereabouts.

5. **Attorney's Fees:** Client will pay to Attorney an initial retainer of Fifteen Thousand Dollars, ($15,000.00). Attorneys' services will be billed at the hourly rate of $450.00. Any additional attorney fees are subject to Court approval.

6. COSTS. Client will pay filing fee of $1,717.00. Attorney will not advance any "costs" in

1

Case: 21-41536    Doc# 13    Filed: 01/14/22    Entered: 01/14/22 14:20:46    Page 4 of 6
Exhibit A

connection with Attorney's representation of Client under this agreement, unless necessary under the circumstances, at attorney's discretion, but attorney will have no obligation to cover such costs. Attorney will be reimbursed for such costs. Costs include, but are not limited to, court filing fees, deposition costs, expert fees and expenses, investigation costs, long-distance telephone charges, messenger service fees, photocopying expenses, postage and process server fees. Items that are not to be considered costs, and that must be paid by Client without being either advanced or contributed to by Attorney, include, but are not limited to other parties' costs, if any, that Client is ultimately required to pay.

7. REPRESENTATION OF ADVERSE INTERESTS. Client is informed that the Rules of Professional Conduct of the State Bar of California require the Client's informed written consent before an Attorney may begin or continue to represent the Client when the attorney has or had a relationship with another party interested in the subject matter of the Attorney's proposed representation of the client. Attorney is not aware of any relationship with any other party interested in the subject matter of Attorney's services for Client under this agreement. As long as Attorney's services for Client continue under this agreement, Attorney will not agree to provide legal services for any such party without Client's prior written consent.

8. SETTLEMENT. Attorney will not settle Client's claim without the approval of Client, who will have the absolute right to accept or reject any settlement. Attorney will notify Client promptly of the terms of any settlement offer received by Attorney.

9. DISCHARGE OF ATTORNEY. Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will be obligated to pay Attorney reasonable attorney's fee for all services provided and to reimburse Attorney for all costs advanced.

10. WITHDRAWAL OF ATTORNEY. Attorney may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) The client consents, and (b) the client's conduct render it unreasonably difficult for the attorney to carry out the employment effectively. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney out of the recovery a reasonable attorney's fee for all services provided, and to reimburse Attorney out of the recovery for all costs advanced.

11. RELEASE OF CLIENT'S PAPERS AND PROPERTY. At the termination of services under this agreement, Attorney will release promptly to Client on request all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client has paid for them or not.

12. DISCLAIMER OF GUARANTY. Although Attorney may offer an opinion about

2

Case: 21-41536    Doc# 13    Filed: 01/14/22    Entered: 01/14/22 14:20:46    Page 5 of 6

possible results regarding the subject matter of this agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty.

13. ENTIRE AGREEMENT. This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties.

14. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY. If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

The foregoing is agreed to by:

Date: 12/31/21

Client - Peter Mozaffari as
President of Mag Auto Group Inc.

Date: 12/31/21

Attorney – Marc Voisenat

3

Case: 21-41536    Doc# 13    Filed: 01/14/22    Entered: 01/14/22 14:20:46    Page 6 of 6