**GREENBERG TRAURIG. LLP**
MICHAEL R. HOGUE, SBN 272083
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
(415) 655-1300;
hoguem@gtlaw.com

JOHN D. ELROD (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Tel: 678-553-2100
Fax: 678-553-2259
elrodj@gtlaw.com

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>MAG AUTO GROUP INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-41536<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AGREED MOTION FOR RELIEF FROM STAY AS TO NEXTGEAR CAPITAL, INC.'S COLLATERAL**<br><br>Date: March 2, 2022<br>Time: 9:30 a.m.<br>Courtroom: 220 |

1  Case No.: 21-41536

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AGREED MOTION FOR RELIEF FROM STAY AS TO NEXTGEAR CAPITAL, INC.'S COLLATERAL

Case: 21-41536  Doc# 34-1  Filed: 02/09/22  Entered: 02/09/22 13:33:33  Page 1 of 5

Debtor MAG Auto Group Inc. (the "Debtor") and secured creditor, NextGear Capital, Inc. ("NextGear"), jointly file this motion (the "Motion"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of California (the "Local Rules"), for entry of an order, substantially in the form attached hereto (the "Proposed Order"), (i) modifying the automatic stay on the Vehicles as set forth herein, and (ii) granting related relief. In support of this Motion, the Debtor and NextGear state as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested in this Motion are section 362 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1.

## Background

**A.      The Relationship Between the Debtor and NextGear**

3. On or about October 14, 2015, the Debtor and NextGear entered into that certain Demand Promissory Note and Loan and Security Agreement (as amended, supplemented, or otherwise modified, the "Note") through which NextGear provided the Debtor with a floor plan line of credit in order to allow the Debtor to finance its motor vehicle inventory. (Declaration Stephen Smith "Smith Decl.," ¶2, Ex. A.)

4. As security for its obligations under the Note, the Debtor granted NextGear a security interest in and to all of the Debtor's assets and properties, wherever located, including, without limitation, all vehicles, vehicle parts, and inventory then owned or thereafter acquired (collectively, the "Collateral"). (*Id.* at ¶3.)

2      Case No.: 21-41536

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AGREED MOTION FOR RELIEF FROM STAY AS TO NEXTGEAR CAPITAL, INC.'S COLLATERAL

Case: 21-41536    Doc# 34-1    Filed: 02/09/22    Entered: 02/09/22 13:33:33    Page 2 of 5

5.  NextGear perfected its security interest in the Collateral by making the appropriate UCC filings with the California Secretary of State. (Smith Decl., ¶4 Ex. B.) Other creditors may claim liens in the Collateral, but NextGear holds a perfected, first-priority security interest therein. (*Id*.)

**B.  The Bankruptcy Proceeding**

6.  On December 31, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.  As of the date of this motion, the total prepetition principal balance owed by the Debtor to NextGear, exclusive of all interest and fees accrued under the Note, is $150,202.30 (the "Petition Date Principal Balance"). (*Id*. at ¶5.) In addition to the Petition Date Principal Balance, prepetition interest, fees, and other charges under the Note remain due and owing by the Debtor to NextGear in an amount not less than $6,283.20. (*Id*.) Accordingly, the approximate total amount outstanding on the Note as of the Petition Date was not less than $156,485.50. (*Id*.) Since the Petition Date, interest has continued to accrue.

8.  Interest under the Note applies separately to each Advance made thereunder, rather than accruing on the aggregate balance of all Advances made, and interest accrues on a "compounded daily" basis. Therefore, there is no true "per diem" rate on the outstanding balance as a whole. (*Id*. at ¶2.)

9.  As of the Petition Date, eight (8) vehicles (collectively, the "Vehicles") constitute Collateral under the Note and are identified as follows (Smith Decl., ¶6.):

| Stock # | Year | Make | Model | VIN |
|---|---|---|---|---|
| 1811 | 2013 | BMW | 3 Series | WBA3A9C56DF078014 |
| 1835 | 2014 | GMC | Sierra | 3GTP1VECXEG536551 |
| 1857 | 2012 | Ford | F250 | 1FT7W2BT4CEA92849 |
| 1860 | 2014 | Toyota | Tundra | 5TFAW5F13EX368901 |
| 1864 | 2013 | Toyota | Sequoia | 5TDKY5G11DS049997 |
| 1867 | 2012 | Land Rover | Range Rover | SALSF2D42CA720309 |
| 1866 | 2015 | Dodge | Durango | 1C4RDJDG9FC201976 |
| 1865 | 2012 | BMW | M3 | WBSDX9C53CE784361 |

3    Case No.: 21-41536

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AGREED MOTION FOR RELIEF FROM STAY AS TO NEXTGEAR CAPITAL, INC.'S COLLATERAL

Case: 21-41536    Doc# 34-1    Filed: 02/09/22    Entered: 02/09/22 13:33:33    Page 3 of 5

10. The Debtor and NextGear have agreed to the arrangement described below for the disposition of the Vehicles and the reduction of the balance owing to NextGear under the Note.

### Relief Requested

11. In accordance with section 362 and 363 of the Bankruptcy Code, the Debtor and NextGear seek relief from the automatic stay and approval of a sale procedure, to the extent necessary, to provide a mechanism for the disposition of the Vehicles.

12. The Debtor and NextGear stipulate and agree that the Debtor shall take possession of the Vehicles at its expense and shall be able to continue to sell the Vehicles pursuant to the terms of the Note. If any Vehicles are sold and NextGear is not paid the sale proceeds within 24 hours after the Debtor receives payment, NextGear shall be entitled to declare the Note to be in default, and if such default is not cured within 7 days (*i.e.,* the sold Vehicle is not paid off within 7 days), NextGear shall have stay relief as to the proceeds of such sold Vehicle and as to the remaining Vehicles and their proceeds. NextGear shall be permitted to send an auditor to the Debtor's premises weekly until the last Vehicle is sold and the indebtedness owing under the Note is paid in full.

13. Provided the relief requested herein is granted, NextGear will consent to the Debtor's use of its cash collateral other than proceeds of the Vehicles.

### Basis for Relief

**A. Relief from the Automatic Stay is Appropriate For Cause As the Proposed Procedure Will Permit the Orderly Liquidation of the Collateral.**

14. NextGear and the Debtor seek relief from the automatic stay for cause pursuant to section 362(d)(1) of the Bankruptcy Code to facilitate the orderly liquidation of the Collateral.

15. Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part, that "the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1).

4    Case No.: 21-41536

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AGREED MOTION FOR RELIEF FROM STAY AS TO NEXTGEAR CAPITAL, INC.'S COLLATERAL

Case: 21-41536    Doc# 34-1    Filed: 02/09/22    Entered: 02/09/22 13:33:33    Page 4 of 5

16. Here, cause exists because NextGear and the Debtor agree that the stay should be lifted for the liquidation of the Collateral. The liquidation of the Collateral in an orderly and efficient manner will benefit both the estate and NextGear.

17. NextGear and the Debtor have, therefore, demonstrated that sufficient cause exists to justify lifting the stay pursuant to section 362(d)(1) of the Bankruptcy Code.

**B. Waiver of the Fourteen (14) Day Stay under Bankruptcy Rule 4001(a)(3) is Appropriate.**

18. Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." FED. R. BANKR. P. 4001(a)(3) (emphasis added).

19. The movants respectfully request that the customary fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) be waived.

**WHEREFORE**, the Debtor and NextGear respectfully request entry of the Proposed Order (i) modifying the automatic stay on the Vehicles as set forth herein, and (ii) for such other and further relief as the Court may deem just and equitable.

DATED: February 9, 2022

    Respectfully submitted,

    **GREENBERG TRAURIG, LLP**

    By   */s/ Michael R. Hogue*

    John D. Elrod
    Michael R. Hogue
    *Attorneys for NextGear Capital, Inc.*

5      Case No.: 21-41536

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT AGREED MOTION FOR RELIEF FROM STAY AS TO NEXTGEAR CAPITAL, INC.'S COLLATERAL

Case: 21-41536    Doc# 34-1    Filed: 02/09/22    Entered: 02/09/22 13:33:33    Page 5 of 5