Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor-in-Possession
Mag Auto Group, Inc.

# United States Bankruptcy Court

## Northern District of California

| | |
|---|---|
| In re:<br><br>Mag Auto Group, Inc.<br><br>Debtor-in-Possession | Case No.: 21-41536 WJL<br><br>Chapter 11<br><br>**STATUS CONFERENCE STATEMENT**<br><br>Date: April 6, 2022<br>Time: 10:30 a.m.<br>Crtrm: 220 |

**1. NATURE OF OPERATIONS AND FACTORS LEADING TO BANKRUPTCY FILING;**

Prior to the filing of the above case, the debtor used floor planners to acquire its inventory. Floor planning is a form of retailer financing for large ticket items displayed on automobile showroom floor or lots. Specialty lenders, traditional banks, and finance arms of manufacturers provide the short-term loans to retailers to purchase items and they are then repaid as the items are sold. Automobile dealerships utilize floor plan financing to run their car businesses. Floor planning is a type of inventory financing.

In general, inventory financing is an asset-backed, revolving line of credit or short-term loan made to a company so it can purchase products for sale. Those products, or its inventory, serve as collateral for the loan if the business does not sell its products and cannot repay the loan.

At the time this case was filed, the debtor had approximately 34 vehicles in his possession. Twenty-six of those vehicles were owned by the floor planning companies, eight were owned by the debtor.

The filing of the bankruptcy prevented the merchant cash account creditors from taking money out of the debtor's bank account. However, most of the lenders the debtor used to finance vehicles for its client were no willing to work with the debtor. As such, the debtor unable to sell many vehicles in January and February 2022.

Recently, the debtor has been working with new lenders and sold six vehicles in March. The debtor now has 15 floor planned vehicles and 7 of its own's left to sell.

**2. PROPOSED SCHEDULE FOR FILING AND CONFIMING PROPOSED PLAN**

Currently, the debtor is contemplating liquidation or dismissal. The California Tax and Fee Administration has not yet filed a claim, but they are auditing the debtor. It appears that the debtor may be liable for up to $800,000.

The debtor will continue to liquidate the vehicles and would request thirty days to file a chapter 11 plan or motion to dismiss the case.

**3. OUTLINE OF A PROPOSED PLAN**

The debtor does not move to dismiss the case, the debtor would file a plan that simply liquidates the remaining inventory.

**4. THE TYPE, STATUS AND ADEQUACY OF INSURANCE COVERAGE OF THE DEBTOR'S ASSET.**

The debtor has casualty insurance and general liability. The premiums are current.

**5. ESTATES NEED FOR PROFESSIONALS**

The debtor has employed counsel. No other professional is anticipated at this time.

**6. THE DEBTOR'S POST- PETITION OPERATIONS, REVENUE AND FINANCIAL RESULT**

The debtor's post-petition operation was impaired by the debtor's inability to get third party

financing loans for its vehicles. That situation has improved, and the debtor is now selling vehicles at a much quicker pace.

**7.    STATUS OF LITIGATION PENDING IF ANY**

There was a lawsuit filed by AJ Equity in the State of New York shortly before the above case was filed. That case is not at issue as to the estate. Notice of the bankruptcy was given to plaintiff's counsel. There is also pending a workers compensation claim that has been pending since 2019. Neither case has had any activity since the petition date.

**8.    ATTENDANCE OF 341 MEETING AND COMPLIANCE WITH REQUEST FOR INFORMATION FROM UST MADE FOR IDI**

The debtor appeared at the IDI and meeting of creditors which was continued. The trustee made requests for certain documents most of which the debtor has supplied. However, there are other documents that the debtor is still in the process of gathering.

**9.    STATUS OF MONTHLY OPERATING REPORTS, DEBTOR-IN-POSSESSION ACOUNT AND POST PETITION PAYMENT TO TAXING AUTHORITIES**

The debtor is current on the filing of the monthly operating report and has opened a DIP account. The debtor is delinquent on its sales taxes.

**10.    WHETHER THE DEBTOR HAS MET THE REQUIREMENT OF USING CASH COLLATERAL AND OBTAINING CREDIT**

The debtor has reached an agreement with Nextgear, the senior lien holder on all debtor's personal property, for the use of cash collateral. That agreement has not yet been approved by the Court. In the meantime, the debtor has been advised to sequester any cash collateral.

**10.    ORDERS ENTERED IN THE CASE GRANTING RELIEF FROM THE AUTOMATIC STAY, EXTENDING OR REFUSING TO EXTEND THE AUTOMATIC STAY OR DETERMINING THERE IS NO AUTOMATIC STAY IN EFFECT AS TO ANY OR ALL CREDITORS;**

No orders have been entered regarding the automatic stay. However, there is a motion pending for stipulated relief with Nextgear and a motion for relief filed by ABS Financing. Both motions are scheduled to be heard on April 6, 2022.

**11. MOTIONS TO ASSUME OR REJECT ANY EXECUTORY CONTRACTS OR UNEXPIRED LEASES THAT HAVE BEEN OR ARE EXPECTED TO BE FILED;**

The debtor will not assume the business lease.

**12. UNIQUE ISSUES CONCERNING SECURED DEBT, EMPLOYEES, CASH COLLATERAL, EXECUTORY CONTRACT, EXISTING MANAGEMENT**

None

**13. UNUSUAL DEVELOPMENTS OR EVENTS THAT HAVE OCCURRED OR ARE EXPECTED TO OCCUR IN THE CASE, AND ANY OTHER MATTERS THAT MIGHT MATERIALLY AFFECT THE ADMINISTRATION OF THIS CASE.**

The CDFTA audit is still pending. There is a company that is still interested in taking over the debtor's lot, but the parties have not settled on some on the material terms and is dependent on the landlord approving the assumption of the debtor's lease. This company recently began to work with the responsible person and helped the debtor get the financing it needs in order to sell its vehicles. The debtor has allowed the company to put its cars on the lot for sale. In addition, this company is in negotiation with the landlord to take over the lease and paid the March and April 2022 lease payment directly to the landlord. The estate will not be responsible for any repayment.

Dated: April 4, 2022

/s/ Marc Voisenat
Marc Voisenat – Attorney
for Debtor-In-Possession