Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Greg Campbell (SBN 281732)
gcampbell@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
Newtek Small Business Finance, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>MAG AUTO GROUP INC. DBA MAG MOTOR COMPANY DBA MARIN AUTO GROUP DBA MAG INVESTMENT INC,<br><br>Debtor. | Case No.21-41536-WJL<br><br>Chapter 11<br><br>R.S. No. CM-013<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM THAT THE AUTOMATIC STAY IS NOT IN EFFECT OR ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**Hearing**:<br>Date: May 11, 2022<br>Time: 9:30 a.m.<br>Place: ZOOM Tele/Videoconference |

Newtek Small Business Finance, LLC ("Movant") submits the following memorandum of points and authorities in support of its Motion for Relief from Automatic Stay.

### I.  STATEMENT OF THE ISSUE

Whether Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

### II.  FACTUAL AND PROCEDURAL SUMMARY

On or about September 24, 2021, Mag Auto Group Inc. ("Debtor") executed a promissory note in the principal sum of $2,210,000.00 (the "Note"), which is made payable to Newtek Small

Business Finance, LLC. (*See* Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), **Exhibit A**).

The Note is secured by a recorded Deed of Trust (the "Deed of Trust") encumbering the real property located at 30 Sugar Pine Lane, Danville, California 94506 (the "Property").[1] (*See* Declaration, **Exhibit B**). The Deed of Trust is executed by Pouriya Pete Mozaffary ("Mozaffary") in his individual capacity as title holder of the Property. The Debtor is not on title to the Property and Debtor has not claimed any interest in the Property in its schedules.

On December 31, 2021, Debtor commenced the instant case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

As of March 21, 2022, the estimated payoff owing under the Note is the approximate sum of $2,221,718.65.[2] (*See* Declaration). As of April 1, 2022, the Debtor is delinquent under the terms of the Note in the amount of $89,744.68. (*See* Declaration, **Exhibit C**).

### III. LEGAL ARGUMENT

#### A. MOVANT RESPECTFULLY REQUESTS AN ORDER CONFIRMING NO STAY IS IN EFFECT AS IT RELATES TO MOVANT'S FORECLOSURE EFFORTS WITH RESPECT TO THE PROPERTY

Section 362(a) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition imposes an automatic stay that precludes "any act to create, perfect, or enforce any lien against <u>property of the estate</u>." See 11 U.S.C. § 362(a)(4). As set forth above, the Debtor is not on title to the Property nor a party to the Deed of Trust that secures the Note. Rather, the Debtor is obligated under the terms of the Note. Mozaffary is the party on title to the Property. Debtor does not claim an interest in the Property is his bankruptcy schedules. As a result, the Property is not part of this bankruptcy estate. However, because Movant will be enforcing its lien against the Property based on the Debtor's default under the Note, Movant is seeking an order confirming there is no automatic stay precluding Movant from enforcing its lien

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."
[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

- 2 -    CASE NO. 21-41536-WJL
**MEMORANDUM OF POINTS AND AUTHORITIES**

Case: 21-41536  Doc# 50-2  Filed: 04/05/22  Entered: 04/05/22 14:07:38  Page 2 of 4

rights against the Property.

**B. IN THE ALTERNATIVE, MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(1)**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. As of April 1, 2022, the Debtor is delinquent under the terms of the Note in the amount of $89,744.68. Debtor has failed to make any regular post-petition payments to Movant and does not appear to generate sufficient income in order to tender ongoing payments. Based upon the foregoing, in the event the Court concludes obtaining relief from the automatic stay is necessary prior to Movant foreclosing on the Property, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

## IV. CONCLUSION

For all of the reasons discussed herein, Movant respectfully requests an order confirming the automatic stay of 11 U.S.C. § 362(a) is not in effect as it relates to the Property or, in the alternative, Movant is entitled to relief from the automatic stay pursuant to of 11 U.S.C. § 362(d)(1).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Declaring there is no automatic stay as it relates to Movant enforcing its lien rights against the Property; or alternatively

2. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

3. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

5. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

6. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: April 1, 2022

_____
CHRISTOPHER M. MCDERMOTT
Attorneys for Movant Newtek Small Business Finance, LLC